BARNETT v. PERRINE et al.   (No. 2050.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 13, 1922.)

1. **Partnership** ⟨key⟩146(1)—**Partner authorized by copartner to negotiate note had implied authority to indorse it.**

Under Negotiable Instruments Act (Laws 1919, c. 123) § 30 (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—30), a partner, who was authorized by copartner to negotiate note payable to firm, had implied authority to indorse note.

2. **Partnership** ⟨key⟩146(1) — **Whether partner authorized by copartner to negotiate note had authority to make a general indorsement or merely a qualified indorsement, depended on the intention of the parties.**

Where a partner authorized a copartner to negotiate note payable to firm, the question whether the authority was to make a general indorsement, or to make a qualified indorsement, depended on the intention of the parties, to be gathered from the terms of the authorization, and if such terms were not specific, they should be construed in the light of attending circumstances.

3. **Partnership** ⟨key⟩146(1) — **Partner's recognition of copartner's general indorsement of note payable to firm could be considered in ascertaining whether copartner had authority to make the indorsement.**

Where a partner authorized copartner to negotiate note payable to firm, the fact that the copartner recognized the first partner's indorsement without qualification could be considered in ascertaining whether the first partner had authority in the first instance to make a general indorsement.

Appeal from Donley County Court; W. T. Link, Judge.

Action between M. O. Barnett and Nat S. Perrine and others. From the judgment rendered, the former appeals. Affirmed.

Umphres & Miller and W. W. Gibson, all of Amarillo, and A. A. Ledbetter, of McLean, for appellant.

Curtis E. Thompson, of Clarendon, for appellees.

BOYCE, J. [1-3] We think the trial court's finding that Barnett authorized his partner, Kinsey, to bind the firm of Barnett & Kinsey by indorsement and delivery of the note in question to plaintiff Wise, is sustained by the evidence. Kinsey was, according to the evidence, authorized by Barnett "to trade" the note. That meant, in the language of commercial law, its negotiation. The note was

payable to the order of Barnett & Kinsey, and its negotiation implied "the indorsement of the holder completed by delivery." Section 30, Negotiable Instruments Act of 1919 (Laws 1919, c. 123), being Vernon's Ann. Civ. St. Supp. 1922, art. 6001—30. If it had been transferred without indorsement the transferree for value had the "right to have the indorsement of the transferor." Section 49, Negotiable Instruments Act (article 6001—49). So the authority to negotiate implied authority to indorse. Whether the indorsement should be a general or qualified indorsement would depend on the intention of the parties to be gathered from the terms of the authorization, and if these were not specific they should be construed in the light of attending circumstances. Perhaps authority to indorse without express restriction would usually imply a general indorsement. Daniel on Negotiable Instruments, § 666. However that may be, the parties by their actions indicated that such was their construction of the extent of the authority. Kinsey indorsed the name of the firm without qualification. Barnett afterwards recognized, without question, the binding effect of the indorsement and promised to pay. If this was not a ratification, it at least may be taken into consideration in ascertaining the intention of the parties in the first instance.

Affirmed.